UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA CAROLINA HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>Respondents. | Case No. 1:26-cv-00001 JLT SKO (HC)<br><br>ORDER REQUIRING STATUS UPDATE REGARDING PETITIONER'S POTENTIAL REMOVAL TO A THIRD COUNTRY<br><br>(Doc. 2) |

On January 1, 2026, Diana Carolina Hernandez filed a request for a temporary restraining order (Doc. 2), in conjunction with her petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging her ongoing detention. (Doc. 1.) That same day, the Court found the TRO untimely with one exception, finding Petitioner "raised serious questions as to the process [she] received in relation to any possible removal to a third country." (Doc. 4.)[1]

Petitioner contends that Respondents violated her Due Process Rights guaranteed by the Fifth Amendment when they attempted to remove her to an "unauthorized third country…without designation, notice, or process." (Doc. 2 at 6.) The only specific relief Petitioner requests related to her potential removal to a third country – in this case, Mexico – is immediate release. (*Id.* at 13.)[2]

---

[1] The Court also enjoined Respondents from removing Petitioner from the United States nor transferred out of this district "pending the hearing and any subsequent order and finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief." (Doc. 4.)

[2] Petitioner also requested the Court order Respondents to disclose Petitioner's current location. (Doc. 2

1       However, the Court is aware of no authority which would justify immediate release
2  or indefinitely enjoining Petitioner's removal to a third country based on alleged violations of
3  third country removal procedures alone. The Court in *D.V.D. v. U.S. Dep't of Homeland Sec.*,
4  778 F. Supp. 3d 355, 378 (D. Mass. 2025), required DHS and ICE to follow certain procedures
5  before removing a noncitizen to a third country:

> All removals to third countries, i.e., removal to a country other than the country or countries designated during immigration proceedings as the country of removal on the non-citizen s order of removal, see 8 U.S.C. § 1231(b)(1)(C), must be preceded by written notice to both the non-citizen and the non-citizen s counsel in a language the noncitizen can understand. Following notice, the individual must be given a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for CAT protection prior to removal. *See id*. If the non-citizen demonstrates reasonable fear of removal to the third country, Defendants must move to reopen the non-citizen's immigration proceedings. *Id*. If the non-citizen is not found to have demonstrated a reasonable fear of removal to the third country, Defendants must provide a meaningful opportunity, and a minimum of fifteen days, for the non-citizen to seek reopening of their immigration proceedings.

*D.V.D. v. U.S. Dept. of Homeland Sec.*, No. CV 25-10676-BEM, 2025 WL 1453640, at *1 (D. Mass. May 21, 2025) (internal record citations omitted), *reconsideration denied sub nom*. No. CV-25-10676-BEM, 2025 WL 1495517 (D. Mass. May 26, 2025). Though the injunctive relief awarded in *D.V.D.* has been stayed, *Dep't of Homeland Sec. v. D.V.D.*, — U.S. —, 145 S. Ct. 2153 (2025), this Court has imposed similar procedural protections when warranted. *See Y.T.D. v. Andrews*, No. 1:25-CV-01100 JLT SKO, 2025 WL 2675760, at *11 (E.D. Cal. Sept. 18, 2025).

The record now reflects that Petitioner and her counsel were given notice on December 23, 2025 of ICE's intent to remove Petitioner to Mexico. (Doc. 8-1 at 1.) However, nothing in the record indicates whether Petitioner has been given any other process in relation to her possible removal to Mexico.

It is also unclear to the Court what if any additional procedural relief (apart from

---

at 3.) However, this request is moot given that Petitioner was returned to the California City Detention Facility following the filing of her habeas petition and TRO. (Doc. 8 at 2; Doc. 8 at 2.)

immediate release) Petitioner seeks related to her potential removal to a third country. Accordingly, the Court **ORDERS** Respondents to file a status report within **10 days** of this order detailing whether Respondents intend to remove Petitioner to a third country; on what timeline they intend to process any such removal; and what process, if any, Petitioner has been given in relation to her removal to a third country. Within **7 days of Respondents' filing**, Petitioner **SHALL** indicate whether she is requesting any additional relief on her third country removal claim.

IT IS SO ORDERED.

Dated: **January 23, 2026**

UNITED STATES DISTRICT JUDGE