**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIANA CAROLINA HERNANDEZ, | ) Case No.: 1:26-cv-00001-JLT-FJS (HC) |
| Petitioner, | ) |
| | ) A-Number: 246-944-077 |
| | ) |
| | ) FINDINGS AND RECOMMENDATION TO LIFT |
| v. | ) INJUNCTION AND SET FUTURE DATE FOR |
| | ) STATUS UPDATE |
| | ) |
| MOISES BECERRA, et al., | ) [10-DAY OBJECTION DEADLINE] |
| | ) |
| Respondents. | ) |
| | ) |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.      PROCEDURAL BACKGROUND**

Petitioner filed the instant petition on January 1, 2026. (Doc. 1.) Petitioner challenges her continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). She claims her continued prolonged detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001). She claims ICE is unlawfully attempting to remove her to a third country. She claims her detention violates her procedural due process rights

1

because she has not been granted a hearing before a neutral decisionmaker. Finally, she claims ICE's transfer or removal pending review of the petition threatens to moot judicial review.[1]

On the same date, Petitioner also filed a motion for temporary restraining order. (Doc. 2.) On January 1, 2026, the District Court denied the motion as untimely as to claims one and three; however, the Court directed Respondents to show cause why the motion should not be granted as to claim two (potential removal to third country). (Doc. 4.)

Respondents filed a response to the motion for temporary restraining order and the petition on January 12, 2026. (Doc. 8.) Respondents argued that Petitioner had not expressed any fear in being removed to Mexico, and her challenge should be dismissed as unexhausted.

On January 14, 2026, Petitioner filed a reply to the motion. (Doc. 9.) Petitioner argued exhaustion is not required in such a case as this where removal to a third country was imminent. Petitioner further argued that ICE's attempt to remove her to Mexico without a meaningful opportunity to be heard was violative of her due process rights, and release was warranted.

On February 20, 2026, the District Court converted the motion for temporary restraining order into a motion for preliminary injunction and denied the motion. (Doc. 17.) The District Court concluded that Petitioner had received proper written notice identifying the country to which Department of Homeland Security ("DHS") intended to remover her (Mexico) in accordance with the process mandated in D.V.D. v. U.S. Dept. of Homeland Sec., No. CV 25-10676-BEM, 2025 WL 1453640, at *1 (D. Mass. May 21, 2025) (internal record citations omitted), *reconsideration denied sub nom*. No. CV-25-10676-BEM, 2025 WL 1495517 (D. Mass. May 26, 2025).

On March 10, 2026, Respondents filed a status update advising that since the last filing, circumstances had changed such that ICE could now remove Petitioner to her country of origin, Venezuela. (Doc. 18.) Respondents submitted that the only impediment to Petitioner's removal was now the Court's injunction.

---

[1] On January 1, 2026, the District Court issued an order enjoining Respondents from removing Petitioner or transferring her out of this District pending this matter. (Doc. 4.)

On March 13, 2026, Petitioner responded to Respondents' status update arguing that Respondents offered no evidence, such as a travel document from Venezuela, that removal was actually imminent or reasonably foreseeable. (Doc. 20.) Petitioner takes the position that Respondents' assertion is entirely speculative. Petitioner requests that the stay remain in place preventing removal. Confusingly, Petitioner then argues that the Court should consider release if continued detention becomes prolonged.

On March 17, 2026, the Court issued an order directing Respondents to submit any evidence it possessed that showed removal was imminent or reasonably foreseeable in the short term, absent the Court's injunction. (Doc. 21.)

On March 19, 2026, Respondents replied with a declaration of Deportation Officer Janet Medina, who is assigned to Petitioner's immigration case. (Doc. 22.) Medina states that Enforcement and Removal Operations ("ERO") currently involve transports to Venezuela approximately every two weeks in the execution of existing removal orders. (Doc. 22, ¶ 6.) Medina further states that travel documents are not required to effectuate removals to Venezuela, because Venezuela is part of the Electronic Nationality Verification ("ENV") program, which allows ERO to verify Petitioner's nationality without a travel document. (Doc. 22, ¶ 7.) As part of the program, Venezuela has agreed to accept all individuals whose nationality is identified through the system as Venezuelan. (Doc. 22, ¶ 8.) Medina states that the Court's order is the only impediment to Petitioner's removal in accord with her *in absentia* removal order. (Doc. 22, ¶ 9.)

## II.    FACTUAL BACKGROUND

Petitioner is a native and citizen of Venezuela who entered the United States on or about July 18, 2023. (Doc. 1 at 1; 18-1 at 2.)  On July 17, 2024, Petitioner was ordered removed from the United States by an immigration judge ("IJ"). (Doc. 18-1 at 2.) Petitioner did not appeal the *in absentia* order, and the order of removal became final. (Doc. 18-1 at 2.)

On October 15, 2025, Petitioner was taken into DHS custody. (Doc. 18-1 at 2.) She has been detained since then.

/////

/////

3

## III.    DISCUSSION

### A.    Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) (citing Singh v. Holder, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. See Demore v. Kim, 538 U.S. 510, 517 (2003).

### B.    Detention under 8 U.S.C. § 1231(a)(6)

When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90–day "removal period." See Xi v. INS, 298 F.3d 832, 834-35 (9th Cir.2002) (citing 8 U.S.C. § 1231(a)(1)). During this removal period, the Government must detain that alien until he or she is removed. See 8 U.S.C. § 1231(a)(2). In situations where removal cannot be accomplished within 90 days, detention beyond the removal period is authorized by § 1231(a)(6), which provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable [for violations of nonimmigrant status or conditions of entry, for committing a criminal offense, or for reasons of national security or foreign policy,] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Supreme Court considered the petitions of two resident aliens who challenged the constitutionality of their § 1231(a)(6) detentions. Although no country was willing to accept either alien once they were ordered removed, the Government continued to detain them for years after the expiration of § 1231(a)(1)'s 90-day removal period. Id. at 684-86. Zadvydas reasoned that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem" under the Fifth

Amendment's Due Process Clause. Id. at 690. Applying the constitutional avoidance doctrine to avoid this potential problem, Zadvydas held that § 1231(a)(6), "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal" and "does not permit indefinite detention." Id. at 689. Zadvydas then concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by [§ 1231(a)(6)]." Id. at 699.

Zadvydas establishes a presumptively reasonable period of post-removal detention that is limited to six months. After the presumptively reasonable "6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701. "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Here, Petitioner has been in detention for approximately five months. This is within the presumptively reasonable period of time set forth in Zadvydas. Petitioner nevertheless argues the period of time has become unreasonably prolonged. Yet the Court finds that Petitioner has failed to overcome the presumption of reasonableness under the current circumstances. As previously noted, removal to a third country is no longer at issue. Respondents seek removal to Petitioner's country of origin, Venezuela. And Respondents have submitted evidence that removals to Venezuela are successful and regular. Moreover, Respondents' explanation that no travel document is required to Venezuela, as Venezuela participates in the ENV program, and Venezuela regularly admits individuals identified as Venezuelan by the program dispatches Petitioner's complaints that Respondents have not obtained a travel document. Petitioner admits she is Venezuelan. She offers no reason why Venezuela would not accept her.

Thus, the Court finds that Petitioner's claim that her detention has become unreasonable and prolonged to be without merit. The Court recommends lifting the stay to permit Respondents to

remove Petitioner pursuant to the final order of removal. The Court further recommends setting a future date for a status update to resolve whether removal has been accomplished.

### C. Removal to a Third Country

Petitioner also complains that Respondents' intended removal of Petitioner to Mexico violates her due process rights. The claim lacks merit. First, as determined by the District Court, Petitioner was given proper written notice of Respondents' intention to remove her to Mexico. Second, Respondents no longer seek to remove Petitioner to Mexico.

### D. Detention without Providing Proper Process

In cases of unreasonably prolonged detention, Courts have ordered immediate release, or a bond hearing before a neutral arbiter to determine whether continued detention is warranted. See, e.g., Zadvydas, 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions"); Rodriguez v. Marin ("Rodriguez IV"), 909 F.3d 252, 256 (9th Cir. 2018) (the Ninth Circuit asserted "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional...."); Diop v. ICE/Homeland Sec., 656 F.3d 221, 235 (3d Cir. 2011) (detention of an alien for a period of nearly three years without further inquiry into whether it was necessary to ensure his appearance at the removal proceedings or to prevent a risk of danger to the community, was unreasonable, and, therefore, a violation of the Due Process Clause"); German Santos v. Warden Pike, 965 F.3d 203 (3d Cir. 2020) (reversing and remanding to district court to order bond hearing while detained under § 1226(c)).

In sum, the Court does not find Petitioner's current detention unreasonably prolonged. In addition, the Court does not find that a bond hearing should be provided at this time, given Respondents' representation that removal would be imminent absent the Court's injunction. The Court recommends lifting the injunction to permit removal. Should Respondents be unable to remove Petitioner promptly, then a bond hearing or release may be appropriate.

## IV.    RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the stay of removal be LIFTED, and a future date for status update be set to resolve whether removal has been accomplished.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **March 25, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE